IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Harold W. Wallette, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO** |
| | ) | **JOIN ADDITIONAL PARTIES** |
| vs. | ) | |
| | ) | |
| Stacy LaRocque and Clayton Davis, | ) | Case No. 4:04-cv-037 |
| | ) | |
| Defendants. | ) | |

On December 5, 2005, a pleading from plaintiff entitled "Joinder of Additional Parties" was filed. The pleading is November 28, 2005. In the pleading, plaintiff seeks to add additional defendants to the Bivens action he initially filed with this court on April 1, 2004. According to plaintiff, the additional parties he seeks to join were present at the time of the accident.

The Federal Rules of Civil Procedure provide that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served;" otherwise, a party may amend the pleadings only by leave of the court or written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave shall be freely given by a court when justice so requires. Id. "Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'" Becker v. University of Nebraska at Omaha, 191 F.3d 904, 907-08 (8th Cir. 1999) (quoting Brown v. Wallace, 957 F.2d 564, 566 (8th Cir.1992)). There is, however, no absolute right to amend. Id.; see also Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 224 (8th Cir.1994). "Whether to grant a motion for leave to amend is within the sound discretion of the court." Id.

1

This court previously allowed the plaintiff to amend his complaint to incorporate additional facts set forth in his objections to the Magistrate's Report and Recommendation. (Docket. No. 15). The plaintiff filed an amended complaint on September 7, 2004, setting forth the additional facts concerning Officer Clayton Davis. (Docket No. 17). The court notified the plaintiff, however, that his amended complaint did not allege any facts regarding Officer Stacey LaRocque. The court ordered the plaintiff to file a second amended complaint against both defendants if he desired to continue the litigation against both Officer LaRocque and Officer Davis. The plaintiff filed a second amended complaint with the court on October 4, 2004, alleging facts against Officer LaRocque, Officer Davis, and other unknown agents. (Docket No. 20). The caption in the second amended complaint listed "Stacy LaRocque, Clayton Davis, and Other Unknown Agent's (sic)" as defendants in the case. In the allegations contained within the second amended complaint, the plaintiff specifically referred to unknown agents numerous times as participating in the alleged improper conduct. In addition, the plaintiff stated, "that officer (sic) Davis, along with other unknown law enforcement officer's (sic) whose (sic) name's (sic) are presently unknown to him at the time, but will be added to the list of Defendant's (sic) upon discovery." On October 27, 2004, the court ordered a copy of the second amended complaint served on the named defendants.

In Bivens-type actions, a plaintiff is generally not able to establish liability under the doctrine of respondeat superior. Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982). Therefore, plaintiffs "must ferret out the officials directly responsible for the alleged constitutional violation," and do so by naming "'unknown' officials as defendants" in their complaints. Id. A Bivens action is named after the United States Supreme Court case of Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). As the case name indicates, the plaintiff's complaint

listed only unknown agents as the defendants. The plaintiff's complaint in the case at bar is similar, if not identical, to the complaint found permissible by the Supreme Court in the very type of suit the plaintiff is proceeding under.

The defendants object to plaintiff's pleading largely upon the grounds that the pleading itself does not constitute a proper amended complaint and does not convey notice to those persons who plaintiff seeks to add to the litigation. The court agrees with those objections, but will construe plaintiff's pleading as a motion to amend the complaint to add additional parties defendant. The court otherwise finds good cause for the motion.

Consequently, plaintiff's motion to amend his complaint to add Tony Belguarde, Kelan Gourneau, Tom Baker, Martin Trottier, Wayne Slater, and Eli Davis is **GRANTED** (Docket No 53), and defendant's motion to strike is **DENIED** (Docket No. 54). Plaintiff will be required to submit a third amended complaint within 30 days that includes the allegations from the present complaint and that adds the additional party defendants along with any allegations of fact against these additional defendants. <u>Also, plaintiff should indicate in the caption of the case and the body of the complaint all defendants, both the new defendants and the old, the individuals he is suing and whether he is suing them in their individual or official capacities, or both</u>. The court will screen the proposed amended complaint for compliance under 28 U.S.C. § 1915A and with the Federal Rules of Civil Procedure. Plaintiff should also submit any information plaintiff has obtained as to the addresses or whereabouts of the additional defendants to assist in making service if the court permits the amended complaint to go forward after screening.

Plaintiff should be advised that the addition of these other defendants will delay resolution of the lawsuit. If plaintiff does not wish this to happen, he may want to consider proceeding only against the two individuals already named.

If plaintiff fails to submit a proposed third amended complaint within the time specified, he will be deemed to have abandoned his request to add the additional parties defendant.

In his motion and brief, the plaintiff stated, "A lien and Lis Pendens, is hereby claimed and filed with this Court for the record and is to be enforced by this Court against the Defendant's (sic) in this action and all Real Property or Tangible Property of the Defendant's (sic). . . ." The plaintiff should note a lis pendens claim in federal court must be "registered, recorded, docketed, or indexed in the same manner, or in the same place," as required by the state law of the state in which the federal district court sits. 28 U.S.C.A. § 1964. Therefore, the state law must be complied with in order to give constructive notice of such an action pending in the federal district court. Id. The court is not under an obligation to record any lis pendens claims for the plaintiff.

Dated this 4th day of January, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge